IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.            No. 13-50027-003

NOE RODRIGUEZ-RAMIREZ            DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a pro se Amended 28 U.S.C. § 2255 Motion (Doc. 117) filed by the Defendant/Movant Noe Rodriguez-Ramirez (hereinafter "Defendant") and the Government's Response (Doc. 120). While afforded the opportunity to file a Reply (Doc. 119), Defendant did not do so. An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows.

## BACKGROUND

On May 29, 2013, Defendant, pursuant to a written plea agreement, pled guilty to Count 11 of the Indictment, charging him with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 42.) On March 12, 2014, a judgment was entered by the Honorable Jimm Larry Hendren, dismissing Counts 1, 10 and 12 on the Government's motion, and sentencing the Defendant on Count 11 to 108 months imprisonment, three years supervised release, and a $15,000.00 fine. (Doc. 80.) Defendant did not file a direct appeal. On April 14, 2015, an order was entered granting Defendant's motion to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, and reducing Defendant's sentence

to 87 months. (Docs. 102, 109-110.) On November 18, 2016, Defendant filed a pro se § 2255 motion. (Doc. 114.) The Court ordered the Defendant to file an amended § 2255 motion on the appropriate § 2255 form and he did so on December 13, 2016. (Docs. 116, 117.)

## DISCUSSION

The Government argues that the Defendant's § 2255 motion was untimely filed. A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). As relevant to the instant case, that period began to run from "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).

Defendant's conviction became final on March 26, 2014, fourteen days after his judgment was entered and his time to appeal expired. See Fletcher v. United States, 858 F.3d 501, 504 (8th Cir. 2017). Thus, Defendant had until March 26, 2015, to file his § 2255 motion. Defendant did not file his § 2255 motion, however, until almost a year and eight months past this deadline, on November 18, 2016. Defendant asserts that he did not file his § 2255 motion sooner "because he was thinking that after he was sentenced he was done and he can not do anything else." (Doc. 117 at pg. 10.) Defendant's lack of knowledge of the availability of § 2255 relief provides no basis for tolling the one-year limitations period. See Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (lack of legal knowledge is inadequate to warrant equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (same), cert. denied, 534 U.S. 863 (2001). Accordingly, Defendant's § 2255 motion is subject to dismissal on the grounds that it was not timely filed. It is, therefore, unnecessary for the Court to address the merits of Defendant's motion. See Santiago-Rodriguez v. United States, Civ. No. 12-1108, Crim. No. 07-453, 2012 WL 6016751, *1 (D. P.R. Nov. 30, 2012) ( dismissing motion as untimely, finding it unnecessary

to reach the merits); United States v. Woodard, No. 3:07-1014-JFA, 2012 WL 762013, *3 (D. S.C. Mar. 7, 2012) (same); Green v. United States, No. 2:10cv149-WKW, 2010 WL 3283393, *4 (M.D. Ala. Jul. 26, 2010) (same), report and recommendation adopted, 2010 WL 3283392 (Aug. 18, 2010).

## CONCLUSION

Based upon the forgoing, the Court recommends that the Defendant's amended § 2255 motion (Doc. 117) be **DENIED** and **DISMISSED WITH PREJUDICE**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). The undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 20th day of June, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE